IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. SHARON LANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04 C 3290 |
| ) | |
| NORTHWESTERN UNIVERSITY; ) | |
| NORTHWESTERN MEDICAL FACULTY ) | |
| FOUNDATION; ANTHONY SCHAEFFER, ) | |
| M.D.; MAUREEN HARTWEGER; and ) | |
| CHUNG LEE, Ph.D., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff Sharon Lang has filed an action against Northwestern University (NU), Northwestern Medical Faculty Foundation (NMMF), Dr. Anthony Schaeffer, Maureen Hartweger, and Dr. Chung Lee. In her complaint, alleges that she was hired by NU's Department of Urology as a histology technologist in 1989 and received consistently favorable reviews of her work. She also alleges that she had a contract with NMMF to perform histology work. Lang alleges that in February 1999, she reported to the FBI that she had learned that NMMF had provided incorrect information to a federal agency to obtain a loan and that Dr. Schaeffer, the chairman of the Department of Urology and a member of NMMF's finance committee, was involved. Lang alleges that Hartweger, the administrator of the Department of Urology, learned of Lang's contact with the FBI, and as a result steps were taken to terminate Lang's employment. She alleges that in May 1999, Dr. Lee, her immediate supervisor, advised her that her position

had been eliminated, effective immediately.

Lang's complaint includes five claims. Count 1 is a claim against each of the defendants under the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, for unlawful retaliation. Count 2 is a claim against each of the defendants for retaliatory discharge under Illinois law. Count 3 is a claim against each of the defendants for tortious interference with a contract or prospective relationship with Northwestern University Feinberg Institute. Count 4 is a claim against the defendants other than NMMF for tortious interference with a contract between Lang and NMMF. Count 5 is a claim against the defendants other than NMMF under the Fair Labor Standards Act (FLSA) for non-payment of overtime wages. The defendants have moved to dismiss each of the claims under Federal Rule of Civil Procedure 12(b)(6).

## 1. FCA Claim (Count 1)

To the extent Lang purports to bring a FCA *qui tam* claim, the claim is dismissed. A *pro se* relator cannot bring a *qui tam* claim under the FCA. *US ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004).

The defendants argue that Lang had no good faith basis to believe that NU had made a false claim. Ultimately Lang will have to prove that she believed in good faith, and that a reasonable person in the circumstances would have believed, that a fraud against the government had been committed. *Fanslow v. Chicago Mfg. Center, Inc.*, 384 F.3d 469, 480 (7th Cir. 2004). But that determination cannot possibly be made based on the complaint and supporting materials that Lang has filed. This is not an appropriate basis for dismissal for failure to state a claim.

Defendants argue that Lang cannot bring a FCA retaliation claim because her employer was NU, whereas the alleged false claim was made by NMMF. Essentially they contend that a

plaintiff can sue for retaliation under the FCA only against her employer, and only if her underlying protected activity involved reporting a false claim made by that same employer.

The FCA provides that "[a]ny employee who is discharged ... by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled" to sue to obtain make-whole relief. 31 U.S.C. § 3730(h). Only the employer may be sued under § 3730(h). *See United States ex rel. Golden v. Arkansas Game & Fish Comm'n*, 333 F.3d 867, 871 (8th Cir. 2003); *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001); *United States ex rel. Chandler v. Hekteon Institute*, 35 F. Supp. 2d 1078, 1087 (N.D. Ill. 1999), *rev'd on other grounds*, 277 F.3d 969 (7th Cir. 2002). The statute, however, contains no language requiring proof that the retaliation was for protected activity involving a false claim by that same employer. Indeed, "an action under this section" as used in § 3730(h), that is, a *qui tam* action, need not be brought by an employee of the entity that made the false claim. *See United States ex rel. LaBlanc v. Raytheon Co.*, 913 F.2d 17, 20 (1st Cir. 1990) (government employee may bring *qui tam* action in appropriate circumstances). There is nothing in the language of § 3730(h) that precludes a claim for retaliation in a situation where the employer learns that the employee has engaged in protected activity regarding a false claim by, for example, a related entity (like NMMF), and for that reason terminates the employee. *See United States ex rel. Satalich v. City of Los Angeles*, 160 F. Supp. 2d 1092, 1107 (C.D. Cal. 2001) (allowing a FCA retaliation action against a "non-target" employer).

Finally, each of the defendants other than NU seeks dismissal of the FCA retaliation

claim on the grounds that only NU was Lang's employer. The individual defendants (Schaeffer, Hartweger, and Lee) are entitled to dismissal on this basis; a supervisor cannot be an "employer" for purposes of a FCA retaliation claim. *See, e.g., Yesudian*, 270 F.3d at 972. But Lang contends that NMMF was her *de facto* employer and as such may be held liable. The Court is unwilling at this stage to rule out the possibility of such a claim under the FCA. The parties have not cited, and the Court has not uncovered, any decisions going either way on this issue, but as a general rule federal statutes that allow claims against an "employer" define that term the way the common law does. *See, e.g., Mateu-Anderegg v. School Dist. of Whitefish Bay*, 304 F.3d 618, 623 (7th Cir. 2002); *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 449-50 (7th Cir. 2002). At the present stage the Court cannot say that it is apparent beyond doubt that Lang will be unable to show that NMMF was her *de facto* employer. Dismissal of the FCA claim as to NMMF is therefore inappropriate.

### 2. State law retaliatory discharge claim (Count 2)

As defendants correctly point out, Lang cannot maintain a retaliatory discharge claim under the statute she cites in her complaint, 820 ILCS 130/11b. That statute requires a showing that the plaintiff was retaliated against for reporting a violation of the Illinois Prevailing Wage Act. There is no basis to say that Lang ever made a complaint regarding non-compliance with that statute.

In her response to the motion to dismiss, however, Lang also gives the citation for *Palmateer v. International Harvester Co.*, 85 Ill. 2d 134, 421 N.E.2d 876 (1987), which concerns common law claims of retaliatory discharge. As the Seventh Circuit has recently reaffirmed, a *pro se* plaintiff is not required to plead a legal theory, and will not be held to any incorrect theory

she identifies; on a motion to dismiss, the court must ask whether any set of facts consistent with complaint would give the plaintiff a right to recover, no matter what the legal theory. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Defendants have not argued that Lang cannot state a common law, as opposed to a statutory, claim of retaliatory discharge. At the present juncture, they are not entitled to dismissal on this basis.

NMMF also argues that retaliatory discharge claims can be made only against the plaintiff's former employer. That may be so, but as discussed above Lang contends that NMMF was her *de facto* employer, and the Court cannot say that this contention is so implausible that Lang has failed to state a claim against NMMF for retaliatory discharge. The individual defendants, however, are entitled to dismissal of Count 2, as Lang does not contend they were her employer, *de facto* or otherwise.

### 3.     Tortious interference claim (Count 3)

In Count 3, Lang alleges that she did histology work on an "outsourcing" basis for two physicians in NU's Department of Neurology. She claims that NMMF and the individual defendants interfered with this contractual relationship. Specifically, Lang alleges that once her employment with NU was terminated, she was no longer permitted to do work for NU physicians.

NMMF and the individual defendants seek dismissal of this claim, arguing that under Illinois law, a claim for tortious interference with contract may be asserted only when the defendant took actions directed at a third party which caused that party to breach a contract with the plaintiff. They argue that because Lang does not allege any conduct directed toward the physicians in question, she cannot maintain a claim.

5

The Court agrees. The Seventh Circuit has squarely held that under Illinois law, when the act of alleged interference is directed at the plaintiff, no claim for tortious interference can be asserted. *George A. Fuller Co. v. Chicago Coll. of Osteopathic Medicine*, 719 F.3d 1326, 1331 (7th Cir. 1983) (citing *Mitchell v. Weiger*, 87 Ill. App. 3d 302, 305, 409 N.E.2d 38, 41 (1980)).[1] Count 3 is dismissed for failure to state a claim.

### 4. Tortious interference claim (Count 4)

In Count 4, Lang alleges that she had a contractual relationship with NMMF with which NU and the individual defendants intentionally interfered. Specifically, Lang alleges that the termination of her employment with NU brought her contractual relationship with NMMF to an end. This claim fails for the same reasons just discussed as to Count 3; under *Fuller*, actions directed at the plaintiff do not give rise to a claim for tortious interference. Count 4 is dismissed for failure to state a claim.

### 5. FLSA claim (Count 5)

Count 5 is Lang's FLSA claim. The defendants argue that the claim is time-barred. FLSA claims must be brought within two years, unless the employer's violation of the FLSA was willful, in which case the limitation is extended to three years. 29 U.S.C. § 255(a). Lang alleges that she was terminated in May 1999, and this action was filed in May 2004.

Lang argues that she did not sue sooner because she was led to believe that her request for overtime pay would be granted – in other words, that she was lulled into holding off filing suit.

---

[1] This Court recently held that when the defendant's acts are directed toward a third party but are intended to cause, and do cause, someone with a contract or prospective relationship with the plaintiff to terminate that relationship, *Fuller* does not bar the claim – but that is not the situation here. *See JamSports and Entertainment, LLC v. Paradama Productions, Ltd.*, No. 02 C 2298, 2005 WL 589775 (N.D. Ill. Mar. 13, 2005).

If Lang can prove that, it might give rise to an equitable estoppel barring the defendants from asserting the statute of limitations. *See generally Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004). Defendants argue that Lang has failed to allege the basis for an equitable estoppel, and alternatively that documents accompanying the complaint undercut the estoppel claim. The Court disagrees. First, a plaintiff is not required to plead around a possible affirmative defense. Second, the documents to which defendants refer arguably suggest that Lang was aware at an earlier date that NU did not think she was entitled to overtime, but they are insufficient to undermine her claim of estoppel such that defendants are entitled to dismissal of her FLSA claim under Rule 12(b)(6).

The individual defendants, however, are entitled to dismissal of Count 5, as Lang has not alleged that they had any involvement in the alleged improper failure to pay her overtime wages.

## Conclusion

For the reasons stated above, defendants' motions to dismiss [docket # 34-1, 35-1] are granted in part and denied in part. Count 1 is dismissed to the extent it purports to assert a False Claims Act *qui tam* claim, and is dismissed for all purposes as to the individual defendants. Counts 2 and 5 are dismissed as to the individual defendants. Counts 3 and 4 are dismissed. The Clerk is directed to terminate defendants Anthony Schaeffer, Maureen Hartweger, and Chung Lee. The remaining defendants are directed to answer Counts 1, 2 and 5 on or before April 5, 2005. The case remains set for a status hearing on April 6, 2005 at 9:30 a.m. for the purpose of setting a discovery schedule and a deadline for filing dispositive motions.

MATTHEW F. KENNELLY
United States District Judge

Date: March 22, 2005